UNITED STATES of America, Plaintiff,

v.

David Richard WELLS and Billy Joe Worley, Jr., Defendants.

Crim. No. 84–88.

United States District Court,
S.D. Iowa, C.D.

Feb. 7, 1985.

See also, 773 F.2d 230.

Richard C. Turner, U.S. Atty., Joseph Beck, Asst. U.S. Atty., Southern District of Iowa, Des Moines, Iowa, for plaintiff.

Patricia M. Hulting, Des Moines, Iowa, for defendant Wells.

David C. Shinkle of Des Moines, Iowa, for defendant Worley.

## RULING AND ORDER

STUART, Chief Judge.

Defendants' Motion to Dismiss came on for hearing before the Court on February 4, 1985. Following oral arguments by all parties, the Court, in a ruling from the bench, granted the motions. The plaintiff has requested that the Court set forth in writing the reasons for its ruling.

On December 19, 1984, a six-count indictment was handed down by the Grand Jury for the Southern District of Iowa against defendants David Richard Wells and Billy Joe Worley, Jr. Count 4 of the indictment charges both defendants with the knowing and intentional distribution of cocaine in violation of 21 U.S.C. Section 841(b)(1)(A). Count 5 of the indictment charges defendant Wells with carrying a firearm during the commission of a felony involving a substantial risk that physical force might be used, in violation of Title 18, U.S.C. Section 924(c), as amended by the Comprehensive Crime Control Act of 1984, then Pub.L. No. 98–473. Count 6 of the indictment charges the same violation against co-defendant Worley. At the time of the arrest, defendant Wells was searched and was found to be carrying a .380 Llama semi-automatic pistol, serial No. A07765. Co-defendant Worley was also searched and found to possess a .380 Llama semi-automatic pistol, serial No. A07872 and a .22 caliber Jennings semi-automatic pistol.

The defendants have moved to dismiss counts 5 and 6 of the indictment against them on the grounds that the offense charged in count 4 does not constitute a crime of violence. Secondly, the defendants contend that Title 18, U.S.C. Section 924(c), as amended, violates the due process clause of the fourteenth amendment and is unconstitutional because it is overly broad in scope and void for vagueness.

Subsection (c) of Section 924 of Title 18, as amended, reads in pertinent part as follows:

(c) Whoever, during and in relation to any crime of violence, . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years . . .

Chapter 1 of Title 18 of the U.S.Code was amended by adding the following:

Chapter 1, Section 16. Crime of violence defined.

The term "crime of violence" means:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. Section 16 (See, Comprehensive Crime Control Act of 1984 amending Section 1001, Pub.L. No. 98–473 (October 12, 1984) as reprinted in 9A *U.S.Cong. and Ad.News* at 98 STAT. 2136 (Nov.1984).)

None of the parties contend that subsection (a), above, is applicable here. Plaintiff, however, asserts, and defendants dispute, that distribution of cocaine "is by its nature, when firearms are carried, a crime of violence involving substantial risk that physical force may be used." In support of its position, plaintiff elicited testimony from a narcotics agent tending to show that law enforcement officers have occasionally recovered firearms in making drug arrests and have even been killed while conducting drug investigations.

From the evidence presented by plaintiff, the Court is persuaded that those responsible for the enforcement of our drug laws are exposed to a substantial risk of physical force when apprehending drug offenders. Section 924(c), however, requires a substantial risk of physical force in the course of committing the offense. This Court simply does not believe that the offense of cocaine distribution is, by its nature, a "crime of violence" within the meaning of Section 924(c).

Plaintiff argues that cocaine distribution, or any felony, involves a substantial risk of force *when firearms are carried.* This is clearly bootstrapping. To prove a violation of Section 924(c), three elements must be established: (1) the commission of a felony (2) that, by its nature, involves a substantial risk that physical force will be used, and (3) the use or carrying of a firearm during the commission of the felony. Under plaintiff's approach, the second element disappears. If this were the intention of Congress, the statute could easily have been so written.

Accordingly, the Court concludes that the offense of cocaine distribution is not a "crime of violence", and defendants' motions to dismiss will be granted.

IT IS SO ORDERED.