**UNITED STATES of America, Appellee,**

v.

**Fernando OSORIO ESTRADA, "a/k/a" "Victor", Defendant-Appellant.**

**No. 377, Docket 84–1196.**

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 1984.

Decided March 6, 1985.

Before OAKES and KEARSE, Circuit Judges, and POLLACK, Senior District Judge.*

ON PETITIONS FOR REHEARING

MILTON POLLACK, Senior District Judge

■ The Government's petition for a rehearing in respect to Count Five of the indictment is granted, and upon such rehearing the conviction of the defendant on Count Five of the indictment is affirmed. The proof on this Count disclosed that Osorio had clearly acted as the principal in this transaction. The evidence established that in July, 1983, Osorio personally picked up Luis McCormick at the airport in New York and drove with McCormick to make the actual deal. Thereafter Osorio personally removed from a canvas bag a plastic bag containing a full kilo of cocaine, and again personally handed that cocaine to McCormick, who took it back with him to Tampa to distribute. After the sale of the cocaine, proceeds thereof were sent to Osorio directly. Osorio was not simply an aider and abettor of Armando Trojos, and the trial court's supplemental instruction could not have affected the jury's disposition of Count Five.

■ The appellant's petition for a rehearing in respect to Count One, the continuing criminal enterprise charge, is in all respects denied. 751 F.2d 128. In view of the affirmance of the conviction on Count Five referred to above, the appellant's contention that the Section 848 charge is not supported by three predicate acts charged in the indictment is moot. Moreover, both the indictment and the jury charge stated that predicate acts other than those charged in the indictment could be relied upon to establish the Section 848 violation, and the proof thereof established in the record represented more than a sufficient number of predicate acts for the Section 848 conviction.

For example, the acts proved at trial included proof that Osorio had personally unloaded the 40 kilogram shipment that arrived in Tampa in August, 1983, counted the packets, and moved most of them to McCormick's garage. Thereafter, Osorio personally distributed large portions of the shipment. He brought four kilos to a man

---

* The Hon. Milton Pollack, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

from Miami. He delivered 16 to 18 kilos to other buyers in Miami. He handed two kilos more to someone at a Miami boathouse, and received a stack of cash in return. He distributed four more kilos to additional Miami purchasers.

Consequently, Count One was properly affirmed, not only based on the three charges set forth in the indictment, but on the entire record.

Osorio's reliance on the decision in *Government of the Virgin Islands v. Zepp*, 748 F.2d 125 (3rd Cir.1984), with respect to the assistance of counsel issue, is misplaced.