**UNITED STATES of America, Plaintiff,**

v.

**Bobby Sherril JERNIGAN, Defendant.**

**No. 85–27–02–CR–5.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 5, 1985.

Samuel T. Currin, U.S. Atty., Raleigh, N.C., for plaintiff.

Douglas Kingsbery, Raleigh, N.C., for defendant.

## ORDER

BRITT, Chief Judge.

A three-count indictment returned by the grand jury of this district contains the following charges:

1. FIRST COUNT. That defendant and his co-defendant, Rudolph Condary Baker, possessed with intent to distribute cocaine.

2. SECOND COUNT. That the co-defendant, Rudolph Condary Baker, distributed cocaine.

3. THIRD COUNT. "That on or about the 3rd day of April, 1985, in the Eastern District of North Carolina, BOBBY SHER-RILL JERNIGAN, defendant herein, did wilfully and unlawfully carry a firearm, that is, a .22 caliber Bauer automatic pistol, Serial Number 0545695, during his commission of a crime of violence as defined in Title 18, United States Code, Section 16, to wit: possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), in violation of the provisions of Title 18, United States Code, Section 924(c)."

Defendant has moved to dismiss the third count, contending that possession with intent to distribute controlled substances is not a "crime of violence" as that term is used in Title 18, United States Code, § 924(c).

The Comprehensive Crime Control Act of 1984 rewrote Section 924 of Title 18 so that it now provides in subsection (c)

Whoever, during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c) (1984). The purpose of this section is to impose a mandatory penalty without the possibility of probation or parole for defendants who use or carry a firearm during a crime of violence. *Id.*

Title 18, United States Code, Section 16, also enacted as a part of the Comprehensive Crime Control Act of 1984, defines a crime of violence as follows:

"The term 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 16 (1984).

Congress clearly set forth its intention on the breadth of the above definition in the legislative history of that section.

The term means an offense—either a felony or a misdemeanor—that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any felony that, by its nature, involves the

substantial risk that physical force against another person or property may be used in the course of its commission. The former category would include a threatened or attempted simple assault or battery on another person; offenses such as burglary in violation of a State law and the Assimilative Crimes Act would be included in the latter category inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property.

S.Rep. No. 225, 98th Cong., 2d Sess. 307, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3486.

Clearly the predicate offense charged in count one—possession with intent to distribute cocaine—is not one "... that has as an element the use, attempted use or threatened use of physical force against the person or property of another...." Likewise, this court concludes that Congress did not intend to include the possession with intent to distribute cocaine in its definition under subsection (b) as being one which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The motion to dismiss the third count of the indictment is allowed.