**UNITED STATES of America, Appellee,**

v.

**Julio DIAZ, Defendant-Appellant.**

**No. 400, Docket 85–1276.**

United States Court of Appeals, Second Circuit.

Argued Nov. 7, 1985.

Decided Nov. 21, 1985.

Viktor V. Pohorelsky, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., Stuart E. Abrams, Asst. U.S. Atty., of counsel), for appellee.

Jay L.T. Breakstone, New York City (Barry Ivan Slotnick, Slotnick & Cutler, P.C., New York City, of counsel), for defendant-appellant.

Before KAUFMAN and TIMBERS, Circuit Judges, and BONSAL, Senior District Judge.*

PER CURIAM:

Julio Diaz ("Appellant") appeals from his conviction following a jury trial before Keenan, J. in the United States District Court for the Southern District of New York. The jury found Appellant guilty on four counts: Conspiracy to distribute narcotics (Count One); possession with intent to distribute cocaine (Count Four); receipt of a firearm in interstate commerce by a person previously convicted of a felony (Count Six); and carrying or using a firearm in the commission of a "crime of violence" (Count Five). The district court sentenced Appellant to concurrent terms of four years imprisonment on Counts One, Four, and Six, and to a mandatory consecutive five-year term of imprisonment on Count Five. We affirm Appellant's conviction on Counts One, Four, and Six, and reverse Appellant's conviction on Count Five.

We have carefully considered Appellant's arguments with respect to his conviction on Counts One, Four, and Six. Considering the evidence in the light most favorable to the government, as we must, we conclude that the narcotics agents had probable cause to arrest Appellant at the time they seized his keys and his beeper; therefore his motion to suppress these items was properly denied. Moreover, a review of the record satisfies us that there was sufficient evidence to support Appellant's convictions on these counts.

Count Five charges Appellant with a violation of 18 U.S.C. § 924(c), which provides:

(c) Whoever, during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the

* Of the Southern District of New York, sitting by designation.

use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

A "crime of violence" is defined in 18 U.S.C. § 16 (Supp.1985) as follows:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The district court concluded that Section 924(c) applied to narcotics offenses, observing that "firearms are the tools of the narcotics trade" and therefore narcotics offenses involve "a substantial risk that physical force may be used in the course of their commission." We do not agree.

■■■ Section 924(c) applies to an offense that "by its nature" involves a substantial risk of physical force. While the traffic in drugs is often accompanied by violence, it does not by its nature involve substantial risk that physical violence will be used. An individual selling drugs is

committing a felony whether the purchaser is a friend, relative, or stranger, but the sale of itself need not involve a substantial risk of physical force. Such transactions are often wholly consensual, and do not necessarily present threats of physical harm to any person or property.

In a well-reasoned and thorough opinion, *United States v. Bushey*, 617 F.Supp. 292, (D.Vt.1985), Judge Coffrin concluded that § 924(c) was not intended to apply to narcotics offenses.[1] The court bases its conclusion, *inter alia*, on (1) the plain language of the statute; (2) the legislative history of § 924(c); (3) statutory construction; and (4) related statutes that use the term "crime of violence." The court also pointed out, correctly, that if a criminal statute is ambiguous, the ambiguity must be resolved in favor of the defendant.[2] We agree with Judge Coffrin that narcotics offenses do not constitute crimes of violence within the meaning of § 924(c). If felonies involving the sale and distribution of narcotics are to be deemed crimes of violence for the purpose of Section 924(c), we believe that this should be done by Congress amending the Comprehensive Crime Control Act of 1984.

■■■ The district court originally sentenced Appellant to four years imprisonment on Counts One, Four, and Six, to be served concurrently, and an additional five years on Count Five, which resulted in an overall term of imprisonment of nine years. Therefore, our reversal as to Count Five will reduce Appellant's term of imprisonment to four years. The maximum sentences provided by statute for the offenses charged in Counts One, Four, and Six are substantially in excess of the sentences actually imposed. Therefore we are remanding for resentencing so that the district court will have latitude to increase the sentences on Counts One, Four, and Six if it concludes that such increases are appro-

---

1. *See also United States v. Jernigan*, 612 F.Supp. 382, 384 (D.N.C.1985); *United States v. Burton*, No. IP 85–8–CR, (S.D.Ind. May 17, 1985); *United States v. Maynard*, No. CR 85–10V (W.D.Wash. April 3, 1985); *United States v. Wells*, 623 F.Supp. 645 (S.D.Iowa 1985).

2. *See United States v. Margiotta*, 688 F.2d 108, 120–21 (2d Cir.1982), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

priate. We vacate the sentences imposed on Counts One, Four, and Six and remand to the district court for resentencing. *McClain v. United States*, 676 F.2d 915, (2d Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982).

Affirmed as to Counts One, Four, and Six; reversed as to Count Five and remanded to the district court for resentencing on Counts One, Four, and Six.