UNITED STATES of America, Appellee,

v.

Joseph R. PISANI, Defendant-Appellant.

No. 686, Docket 84–1330.

United States Court of Appeals,
Second Circuit.

March 31, 1986.

---

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The United States petitions for rehearing of our decision of September 12, 1985, in which we adjudicated the appeal of Joseph R. Pisani from convictions for mail fraud, income tax evasion, and filing false income tax returns. *United States v. Pisani,* 773 F.2d 397 (2d Cir.1985). We deny the petition but deem it appropriate to discuss the Government's contention that the mandate should be modified to vacate the entire sentence so that on remand the District Court may consider increasing the sentence on the single count for which a conviction was affirmed.

Pisani was convicted on ten counts of mail fraud, four counts of income tax evasion, and four counts of filing false income tax returns. Nine of the mail fraud counts alleged fraud in connection with political campaign funds. One mail fraud count, Count 28, concerned fraud in connection with an escrow account that Pisani maintained for one of his law clients. On the nine campaign-fund mail fraud counts, Pisani received concurrent three-year sentences and nine $1,000 fines. On the law-practice mail fraud count he received a three-year term, but execution was suspended, and he was placed on probation for four years following his imprisonment, with the condition that he make restitution to his former client. On the tax evasion counts he received concurrent three-year sentences and four $10,000 fines. On the false tax return counts he received concurrent one-year terms, consecutive to all of the other concurrent three-year terms, and four $5,000 fines. The aggregate sentence was therefore four years in prison followed by four years probation, plus fines of $69,000.

On appeal, we vacated the convictions on the campaign fund mail fraud counts and directed that those counts be dismissed, we vacated the convictions on the tax evasion and false tax return counts and remanded those counts for retrial, and we affirmed the conviction on Count 28, the law-practice mail fraud count.

The Government contends that, since the District Judge wished Pisani to serve an aggregate sentence of four years and pay an aggregate fine of $69,000, he should be given an opportunity to increase the modest sentence imposed on Count 28, now that the other sentences have been vacated. Presumably the Government believes the revision may occur up to the lesser of (a) the statutory maximum for Count 28 (five years and a $1,000 fine) and (b) the aggregate sentence originally imposed on all counts. In other words, in the Govern-

ment's view, the sentence on Count 28 could be revised upwards to four years and a fine of $1,000. The Government argues that whenever a "sentencing plan" structured by a district court is disturbed by vacation of the sentence on one or more counts, the sentencing judge should be permitted to increase the sentence on counts that were affirmed. Reliance is placed on *United States v. Diaz*, 778 F.2d 86 (2d Cir.1985), *United States v. Gomberg*, 715 F.2d 843 (3d Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984), *McClain v. United States*, 676 F.2d 915 (2d Cir.) *(McClain II)*, *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982), and *United States v. Busic*, 639 F.2d 940 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

The resentencing approved in these four cases does not justify an increase of the sentence imposed on Pisani on Count 28. Analysis of the cases may usefully begin with *McClain II*. In that case the defendant in 1975 had initially received a fifteen-year sentence for armed bank robbery and a consecutive ten-year sentence under 18 U.S.C. § 924(c) (1982) for using a firearm in the commission of the robbery. At the time McClain was sentenced, section 924(c) provided a sentence of one to ten years for using or carrying a firearm during the commission of any federal felony and specified that the sentence must run consecutively to the sentence on the underlying felony count. In our first consideration of the case, an appeal from a denial of a challenge to the sentence under 28 U.S.C. § 2255 (1982), we invalidated the section 924(c) sentence on the authority of the Supreme Court's decisions in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). *McClain v. United*

*States*, 643 F.2d 911 (2d Cir.) *(McClain I)*, *cert. denied*, 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981). In *Simpson* and *Busic* the Court ruled that as a matter of statutory construction section 924(c) is inapplicable where the statute defining the underlying offense contains its own enhancing penalty for using or carrying a weapon.[1] In *McClain I* we held that *Simpson* and *Busic* applied retroactively. In reversing the denial of relief under section 2255, we vacated not only the sentence on the section 924(c) count but also the sentence on the bank robbery count, thereby affording the District Judge an opportunity to consider whether to impose an increased sentence for the robbery. On remand, an increased sentence of twenty years was imposed, a result we upheld in *McClain II.*

The rationale for resentencing in the *McClain* litigation is evident. The District Judge, sentencing prior to *Simpson* and *Busic,* had felt himself bound by section 924(c) to impose a mandatory consecutive sentence to whatever sentence he imposed on the bank robbery count. Apparently wishing to impose an aggregate sentence of twenty-five years, he selected a fifteen-year term for the robbery count and added a ten-year consecutive sentence under section 924(c). Since the judge had most likely given a shorter term on the robbery count than he would have given had he not felt bound to impose a consecutive sentence on the section 924(c) count, he was afforded an opportunity to increase the robbery sentence.

We applied this rationale in *Diaz.* The defendant was initially sentenced to three concurrent four-year terms for two narcotics offenses and for receipt of a firearm in interstate commerce by a person previously convicted of a felony. He also received a consecutive five-year sentence under the

---

1. When the Supreme Court remanded *Simpson* and *Busic,* it intimated no views concerning the authority of a district judge to increase the sentence on a remaining count after a mandatory consecutive sentence was invalidated. In *Simpson* the issue did not arise because the defendant had already received the maximum allowable sentences on the underlying offenses. 435

U.S. at 9, 98 S.Ct. at 911. In *Busic,* where the defendant had not initially received the maximum sentence on the underlying offense, the Supreme Court declined to consider the issue, prefering to leave it for initial consideration by the Third Circuit. 446 U.S. at 412 n. 19, 100 S.Ct. at 1756 n. 19.

amended version of section 924(c), 18 U.S.C.A. § 924(c) (West Supp.1985), for carrying or using a firearm in the commission of the narcotics offenses. Section 924(c) was amended in 1984 in three respects: the underlying offense in which a firearm was used or carried was limited to a crime of violence, the term of the mandatory consecutive sentence was fixed at five years, and this five-year consecutive sentence was required to be imposed even if the statute defining the underlying offense contained its own enhancing penalty for using or carrying a weapon. Comprehensive Crime Control Act of 1984, ch. X, § 1005(a), 98 Stat. 1976, 2138. This last change was adopted to overrule the statutory interpretation rulings of the Supreme Court in *Simpson* and *Busic.* *See* S.Rep. No. 225, 98th Cong., 1st Sess. 312–14 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182, 3490–92. In *Diaz* we invalidated the sentence under amended section 924(c) on the ground that the narcotics offenses in which the gun was carried were not crimes of violence within the meaning of section 924(c). Citing *McClain II,* we vacated the entire sentence and remanded for consideration of an increased sentence on the valid counts.[2]

The Third Circuit applied the rationale underlying *McClain I* in its consideration of the *Busic* litigation. One defendant had initially received a five-year sentence for narcotics violations, a consecutive five-year sentence for assaulting a federal officer with a dangerous weapon, and a consecutive twenty-year sentence for violating the pre-1984 version of section 924(c) by using a firearm during the assault. After invalidating the section 924(c) sentence on statutory grounds, *United States v. Busic,* 587

F.2d 577, 587 (3d Cir.1978) (decision on rehearing), *rev'd in part on other grounds,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), the Third Circuit, on remand from the Supreme Court, vacated the sentence on the assault count and remanded to the District Court for consideration of an increased sentence on that count. *United States v. Busic, supra,* 639 F.2d at 953.

The rationale of *McClain, Diaz,* and *Busic* does not apply to Pisani's sentence on Count 28. When Pisani was sentenced, no statute similar to section 924(c) might have led the District Judge to believe that he was required to impose a consecutive sentence on top of the sentence on Count 28, and no consecutive sentence was imposed. It may well be that the leniency of the sentence imposed on Count 28 resulted in part from the comparative severity of the sentences imposed on the other counts, but it cannot be said that the sentence on Count 28 was diminished in contemplation of a mandatory consecutive sentence.

The Third Circuit's decision in *Gomberg* applies a rationale different from the one underlying *McClain I,* but it too does not justify an increase in Pisani's sentence. In *Gomberg* the defendant received three consecutive five-year sentences for three narcotics offenses and a concurrent ten-year sentence under 21 U.S.C. § 848 (1982) for a continuing criminal enterprise narcotics offense related to the first three offenses. The Third Circuit ruled that a person convicted of a continuing criminal enterprise offense could not also be punished for subsidiary narcotics offenses and therefore vacated the sentences on the three subsidiary counts. Then the Court also vacated the sentence on the section 848 count and re-

---

**2.** One aspect of the remand in *Diaz* appears to go beyond the *McClain* rationale. Since only the narcotics offenses had been thought by the District Judge to be crimes of violence, requiring imposition of a consecutive sentence for the section 924(c) violation, the sentences on these counts were the only ones that were arguably diminished in contemplation of the mandatory section 924(c) sentence and therefore were the only ones that merited a possible increase once the section 924(c) sentence was vacated. Never-

theless, the remand in *Diaz* permitted an increase in the sentences on the gun receipt count as well as on the narcotics counts. Since this facet of the remand received no discussion and since only *McClain II* was cited as authority, we do not believe that *Diaz* establishes a rule for this Circuit permitting an increased sentence on any count whenever any consecutive sentence, even those not thought to be mandatory, is vacated.

manded for resentencing. The Court explained that whenever district judges sentence on related counts for which cumulative sentences are not permissible, they should impose a general sentence on all counts for a term not exceeding the maximum sentence for the count authorizing the greatest penalty. 715 F.2d at 851–52. This procedure preserves the sentence to the maximum extent possible in the event that convictions on some counts are reversed on appeal or collateral attack. The remand for resentencing in *Gomberg* in effect permitted an increase in the sentence on the section 848 count, to the extent that a general sentence would be based on that count.[3] But this was simply a consequence of the Third Circuit's preference for a "general" sentence on all counts where those counts, even if not technically lesser-included, are part of a statutory scheme of related penalties for aggravated forms of conduct that may not be cumulated. All *Gomberg* necessarily holds is that a district judge who impermissibly cumulates such related penalties imposed on specific counts may reimpose a general sentence on all counts.[4]

We have adopted a somewhat different approach, at least where lesser-included counts are involved, preferring to maintain the sentence on the greatest count and view the convictions on the lesser-included counts as "combined" with the conviction on the greatest count. *United States v. Aiello*, 771 F.2d 621, 632–35 (2d Cir.1985); *United States v. Osorio Estrada*, 751 F.2d 128, 134–35 (2d Cir.1984), *modified on reh'g on other grounds*, 757 F.2d 27 (2d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985). But even if we followed the "general" sentencing approach of *Gomberg*,[5] the holding of that decision would not support a resentencing of Pisani. The mail fraud and tax statutes under which he was originally sentenced do not establish his mail fraud conviction as a lesser-included offense, nor, with respect to mail fraud, do these statutes establish a scheme of related but non-cumulative penalties for aggravated forms of criminal conduct.[6]

We do not find in *McClain, Diaz, Busic*, or *Gomberg* the broad rule urged by the Government that an increase of a sentence is permissible whenever one or more sentences that were part of a "sentencing plan" are vacated. Nor do we think it advisable to adopt such a rule.[7] It fre-

3. If a general sentence of fifteen years, equal to the prior aggregate sentence, were imposed on remand and if, on some future collateral attack, the convictions on the subsidiary narcotics counts were vacated, the result would be that the prior ten-year sentence on the section 848 count would be increased to fifteen years, since the general sentence would then rest solely on the section 848 conviction.

4. *Gomberg* does not state whether the general sentence to be imposed on remand may exceed the aggregate sentence originally imposed. A footnote observes only that in the prior *Busic* litigation, the Third Circuit did not have to decide whether the new sentence permitted to be imposed could exceed the original aggregate sentence since the maximum penalty on the valid counts was less than the original aggregate sentence. 715 F.2d at 852 n. 6.

5. *Gomberg* is distinct from our practice not only in the use of a "general" sentence but also in its countenancing of a "general" sentence greater than the sentence originally imposed on the more serious count. For some reason, the sentencing judge had imposed a ten-year sentence on the section 848 count, concurrent with other sentences totaling fifteen years, whereas he could have accomplished his purpose by imposing a concurrent fifteen-year sentence on this count.

6. The tax statutes provide a range of penalties scaled to the seriousness of tax violations, *see* 26 U.S.C. §§ 7201 (five-year maximum for tax evasion), 7206 (three-year maximum for filing false return), 7203 (one-year maximum for failure to file return), and in some circumstances preclude cumulative sentences, *see Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

7. In the different context where vacation of concurrent sentences creates doubt as to whether the district judge would have imposed a *lesser* sentence on counts that are affirmed had he known that convictions on other counts could not stand, we have usually remanded to afford an opportunity to reduce the valid concurrent sentences. *United States v. Sperling*, 506 F.2d 1323, 1343 (2d Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975); *United States v. Rizzo*, 491 F.2d 1235 (2d Cir.1974);

quently happens that a judge selects a somewhat modest sentence in view of other sentences already imposed on the defendant in other cases. If one of those other sentences were to be vacated on appeal or collateral attack, we would not countenance an application to increase the sentence that had been moderated in light of the sentence subsequently vacated. The joining in a single case of Count 28 and the counts on which Pisani's sentences were vacated was a matter of trial convenience. That joinder should not permit increased sentencing that would not occur had Count 28 been tried alone. The sentence on Count 28 was fairly determined at the time it was imposed, and the vacation of sentences on the other counts does not warrant its reconsideration for possible increase.[8]

The petition for rehearing is denied.

*United States v. DeMarco,* 488 F.2d 828 (2d Cir. 1973); *United States v. Mancuso,* 485 F.2d 275 (2d Cir.1973); *United States v. Mapp,* 476 F.2d 67 (2d Cir.1973); *United States v. Hines,* 256 F.2d 561 (2d Cir.1958). However, sometimes we have not remanded in such circumstances, *United States v. Berlin,* 472 F.2d 1002 (2d Cir.), *cert. denied,* 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973); *United States v. Febre,* 425 F.2d 107 (2d Cir.), *cert. denied,* 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970); *United States v. Marino,* 421 F.2d 640 (2d Cir.1970), apparently on the rationale that no remand is necessary if the intent of the sentencing judge is clear, *United States v. Berlin, supra.* Even in the absence of a remand, sentences on the affirmed counts could be reduced pursuant to a Rule 35 motion, which may be filed within 120 days of receipt of a mandate of affirmance. Fed.R.Cirm.P. 35(b).

8. Since we conclude that consideration of an increased sentence is not warranted, we do not reach Pisani's contention that an increased sentence would violate the Double Jeopardy Clause.