**UNITED STATES of America, Appellee,**

v.

**Julio DIAZ, Appellant.**

**No. 1413, Docket 86–1126.**

United States Court of Appeals, Second Circuit.

Submitted June 12, 1986.

Decided Aug. 1, 1986.

William Lupo, Brooklyn, N.Y. (Norman A. Olch, of counsel), for appellant.

Viktor V. Pohorelsky, Bruce A. Green, Asst. U.S. Attys (Rudolph W. Giuliani, U.S. Atty. S.D.N.Y.), for appellee.

Before OAKES, ALTIMARI and MAHONEY, Circuit Judges.

PER CURIAM:

After a jury trial before the United States District Court for the Southern District of New York, John F. Keenan, Judge, Julio Diaz was found guilty on four counts of a six-count indictment: Count One, which charged him with conspiracy to violate the narcotics laws in violation of 21 U.S.C. § 846 (1982); Count Four, which charged him with possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a) (1982); Count Five, which charged him with using a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c) (Supp. II 1984); and Count Six, which charged him with receiving a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(h) (1982).

On July 17, 1985, the district court sentenced Diaz to concurrent four-year terms of incarceration on Counts One, Four, and Six, and a five-year term of incarceration on Count Five to be served consecutively to the sentences on the other counts. Diaz was also sentenced to a three-year special parole term.

On appeal, this court reversed Diaz's conviction on Count Five, but upheld the other convictions. *United States v. Diaz,* 778 F.2d 86 (2d Cir.1985). The court, citing *McClain v. United States,* 676 F.2d 915 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982), vacated Diaz's sentence on all counts and remanded to the district court for resentencing, expressly giving the district court "latitude to increase the sentences on Counts One, Four, and Six if it concludes that such increases are appropriate." 778 F.2d at 88–89.

Four days after this court issued its decision, Judge Keenan wrote one of his Senators that he had discussed the issue with the United States Attorney and that both felt "that appropriate legislation could be introduced to remedy the situation." The judge enclosed the Second Circuit opinion in *Diaz*, underlining the portions of the opinion holding that felonies involving the sale and distribution of narcotics are not crimes of violence permitting enhanced sentencing under 18 U.S.C. § 924(c), and suggesting that any such application of section 924(c) should be accomplished by congressional amendment. The letter also pointed out that Diaz had five fully loaded pistols in his apartment "out of which he operated his 'Drug Store.'" Shortly thereafter the United States Attorney wrote the judge that a change in section 924(c) was pending as part of a bill that had not been acted upon during the session and that despite the Senator's efforts to have section 924(c) amended more quickly, an amendment the Senator had proposed had been deleted in conference committee.

On January 22, 1986, the district court imposed concurrent nine-year terms of incarceration on each of the three remaining counts, to be followed by a three-year special parole term imposed on Count Four. We note that the Government has consented in its brief to a reduction of the sentence on Count Six from nine years to five years, on the ground that the maximum term of imprisonment on that count was only five years.

We do not need to reach Diaz's argument that, despite *McClain*, due process was violated when his sentence was increased without any showing that the increase was based on events subsequent to the original sentencing. We agree with his claim that in light of the district judge's communications and correspondence with the United States Attorney and the Senator, "the appearance of justice" is not satisfied. *See Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13–14, 99 L.Ed. 11 (1954). We believe, in other words, that, under the objective standard that 28 U.S.C. § 455(a) (1982) imparts, *see In re IBM Corp.*, 618

F.2d 923, 929 (2d Cir.1980), the district judge's impartiality with respect to the resentencing proceeding "might reasonably be questioned." 28 U.S.C. § 455(a). We therefore remand the judgment to the district court for reassignment to another district judge for resentencing.