104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Richard E. SIMMONS, Defendant-Appellant.
 No. 95-1702.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 Appearing for Appellant: David Seth Michaels, Spencertown, N.Y.
 Appearing for Appellee: Ronald C. White, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WALKER and JCOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Richard E. Simmons, a former United States Customs Inspector, appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before I. Leo Glasser, Judge, convicting him on three counts of accepting bribes in return for being influenced in the performance of official acts in violation of 18 U.S.C. § 201(b)(2)(A). Simmons was sentenced principally to 18 months' imprisonment, to be followed by three years of supervised release. On appeal, he complains only of the trial court's jury charge, arguing principally that the court erred in not expressly instructing the jurors to determine whether the expert witness's conclusions were sound in light of the justifications given, and that because the court told the jurors that the expert had special skills that the court and the jurors did not possess, the court elevated the importance of the expert's testimony and thereby essentially instructed the jurors that they should not evaluate the opinions of the expert. We see no basis for reversal.
 
 
 4
 A jury instruction is not to be judged in isolation, but is to be viewed in the context of the charge as a whole. Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). Here the court instructed the jury generally to evaluate witnesses based on credibility and using whatever factors they believed to be important. As to the expert's testimony, the court instructed the jury, inter alia, to "[c]onsider the opinion of an expert witness just as you would the testimony of any other witness. Consider whether the expert who testified had the sufficient experience, skill, background, knowledge and opinion, which he renders, is an opinion which is [s]ound, or whether you believe that he wasn't a person who had the sufficient background, skill, education, training, experience upon which an opinion could be rendered with some degree of certainty and upon which you would rely. Again, consider the testimony of the expert just as you would the testimony of any other witness." It would have been preferable if the district court, in its oral charge, had instructed the jurors also to consider and weigh the expert's opinion in light of all of the evidence and not to substitute his opinion for their own merely because of his expertise. Viewing the instructions as a whole, however, we think it unlikely that the language and omission of which Simmons complains would have been taken by the jury as a direction to accept the expert's testimony without proper evaluation.
 
 
 5
 Further, even if the court's instructions were flawed, there is no basis for reversal. A defendant has a right to a fair trial, but not necessarily to a perfect one, see Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); United States v. Pisani, 773 F.2d 397, 402 (2d Cir.1985), reh'g denied, 787 F.2d 71 (2d Cir.1986), and an error or irregularity that does not affect a party's substantial rights does not constitute ground for reversal, see Fed R.Crim. P. 52(a). Here, even without the expert's testimony, there was overwhelming evidence from which a rational juror could infer Simmons's guilt. The record included the testimony of accomplice witness Richard Won, who detailed giving bribes to Simmons; checks that Simmons deposited from Won; the furtiveness of the meetings between Simmons and Won; Simmons's unusual behavior in clearing cargo through inspection; and tape recordings of Won and Simmons discussing the stamping of customs forms, and discussing Simmons's need, in light of the cost of living in New York, to "do something on the side to make money ... doing this." Any error in the instructions was undoubtedly harmless.
 
 
 6
 We have considered all of Simmons's arguments on this appeal and have found in them no basis for reversal. The judgment of conviction is affirmed.