Michael LEVINE, Plaintiff,

v.

Lorraine GERSON, et al., Defendants.

No. 03 Civ. 2133(SCR).

United States District Court,
S.D. New York.

Oct. 24, 2003.

Michael Lee Levine, Law Firm of Michael Levine, P.C., Scarsdale, NY, pro se.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

In a letter dated October 8, 2003, the plaintiff requested a conference regarding whether I should recuse myself based upon my prior employment as (i) an Assistant United States Attorney for the Southern District of New York from 1987–1991, (ii) deputy general counsel to the Federal Bureau of Investigation from 1993–1995, and (iii) the United States Attorney for the District of Connecticut from 1998–2001. For the reasons set forth below, the plaintiff's request for a conference is denied and I find no basis to recuse myself from this matter.

There are two principal statutes that govern the recusal of district court judges, 28 U.S.C. § 144 and 28 U.S.C. § 455. The plaintiff has not cited either statute or provided any factual statements with his request and has not made an argument that would be persuasive under either statute.

Unlike a § 455 disqualification, which may be invoked by a motion of a party or by the judge *sua sponte*, § 144 is triggered by an affidavit of a party, which affidavit must be accompanied by a certificate of counsel of record. Pursuant to § 144, a district judge must recuse himself if the affidavit states that the judge has a personal bias or prejudice either for or against one of the parties, and provides facts and reasons supporting the statement that the prejudice or bias exists. 28

U.S.C. § 144. The Second Circuit has set forth the standard for reviewing the legal sufficiency of a § 144 claim, holding that "an affidavit must show the 'objectionable inclination or disposition of the judge'; it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Rosen v. Sugarman,* 357 F.2d 794, 798 (2d Cir.1966) (quoting *Berger v. United States,* 255 U.S. 22, 33–35, 41 S.Ct. 230, 65 L.Ed. 481 (1921)). The plaintiff in this matter has not filed a § 144 affidavit; however, even if the plaintiff's letter were taken as a § 144 affidavit, recusal would not be appropriate because the plaintiff has not alleged, nor provided any factual support for, any "bent of mind" that would prevent or impede my impartial judgment.

There are two sections of § 455 that, it could be argued, are applicable to the current fact pattern, § 455(a) and § 455(b)(3). Neither section warrants recusal.

██ § 455(a) provides that a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Courts have held recusal to be appropriate when a judge "expresses a personal bias concerning the outcome of the case at issue." *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992), citing *United States v. Diaz,* 797 F.2d 99, 100 (2d Cir.1986). Additionally, recusal is warranted when a judge has a "direct personal or fiduciary interest in the outcome of the case[.]" Id. at 815, citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 850, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). In contrast, when the alleged interest of the judge "is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel*

*Burnham Lambert Inc.,* 861 F.2d 1307, 1313 (2d Cir.1988).

The relevant facts are as follows:

1. I previously worked in government service, but have not done so for over two years prior to the date of my confirmation as a United States District Court Judge.

2. I never worked in the United States Attorney's Office for the District of New Jersey.

3. I do not know, nor have I worked with, any of the defendants named in the plaintiff's complaint, including the Assistant United States Attorneys.

4. I do not know, or know of, the plaintiff.

5. I was not associated with the underlying criminal case against the plaintiff and have never had any association with the civil case at issue here.

The plaintiff's contention of impartiality is not supported by any facts and can, at most, be described as "remote, contingent or speculative" and is not the type of interest that reasonably brings my impartiality into question. Recusal is not required and would be inappropriate under § 455(a).

Section 455(b)(3) specifically addresses the scenario when a judge has previously worked for the government in some capacity. That section provides that a judge should disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]" 28 U.S.C. § 455(b)(3). This section has no bearing in the current case. While the plaintiff accurately states that I have previously served in governmental employment, the plaintiff has not asserted any basis for arguing that I "par-

ticipated" in any way, or expressed an opinion concerning the merits of plaintiff's case, or the underlying criminal case which gave rise to the pending civil action. There is no basis for recusal under § 455(b)(3).

Accordingly, plaintiff's request for a conference on this matter is denied.

It is so ordered.