917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JAMES TANNER, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MILTINO INCIARTE, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RAY CHARLES VALDEZ, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
GEORGE VAN WAGNER, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
TERESA ALEJOS-PEREZ, Defendant-Appellant.
UNITED STATES OF AMERICA,Plaintiff-Appellee,
v.
ALFREDO MARTINEZ-CABRE,Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ROBERTO ESTEBAN FUENTES, Defendant-Appellant.
 Nos. 89-5237, 89-5252, 89-5249, 89-5251, 90-5157 89-5259, 89-5257
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: July 16, 1990.
Decided: November 9, 1990.
As Amended Nov. 16, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge; T. S. Ellis, III, District Judge. (CR-89-184-A, CR-89-156-A)
 Before CHAPMAN and WILKINSON, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.
 ARGUED: F. Andrew Carroll, III, LAND, CLARK, CARROLL & MENDELSON, P.C., Alexandria, Virginia, for Appellant, Martinez-Cabre;
 Peter Greenspun, KLEIN & GREENSPUN, Fairfax, Virginia, for Appellant
 Jack S. Rhoades, CAKE, RHOADES & RIDEOUT, Alexandria, Virginia, for Appellant, Fuentes;
 William Francis Xavier Becker, Rockville, Maryland, for Appellant, Valdez.
 Liam O'Grady, Assistant United States Attorney, Alexandria, Virginia, for Appellee,
 ON BRIEF: Gregory E. Stambaugh, BROWN, HOPKINS & STAMBAUGH, Alexandria, Virginia, for Appellant Van Wagner;
 Warren Gary Kohlman, KOHLMAN & FITCH, Washington, D.C., for Appellant Tanner;
 Michael M. Hadeed, Jr., Alexandria, Virginia, for Appellant Inciarte;
 Thomas Durbin Hughes, IV, WADE & WADE, Alexandria, Virginia, for Appellant Alejos-Perez.
 Henry E. Hudson, United States Attorney, Jay Apperson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 PER CURIAM
 The seven appellants and other codefendants were charged in a 78-count indictment with conspiracy to distribute cocaine, a conspiracy to launder money, distribution of cocaine, possession with intent to distribute cocaine, substantive money laundering counts and a continuing criminal enterprise charge against appellants Fuentes and Martinez-Cabre. Prior to trial, a number of the defendants entered into plea agreements with the government. Appellant James Tanner entered into a plea agreement, but he is now appealing his sentence.
 Following a trial the remaining appellants were convicted of the charges indicated below:
 Roberto Esteban Fuentes was found guilty of Count 1 (the cocaine conspiracy), Count 2 (continuing criminal enterprise), Count 3 (conspiracy to launder money), Count 10 (distribution of 12 ounces of cocaine), Counts 21 and 24 (possession of cocaine with intent to distribute), Counts 22, 28, 31 and 32 (distribution of cocaine), and Counts 34-55, 77-78 (money laundering) and was sentenced to imprisonment of 252 months.
 Miltino Inciarte was found guilty of Count 1 (cocaine conspiracy) and Count 10 (distribution of cocaine) and was sentenced to imprisonment of 216 months.
 Alfredo Martinez-Cabre was found guilty of Count 1 (cocaine conspiracy), Count 2 (continuing criminal enterprise), Counts 4-6 (distribution of cocaine), and Count 78 (money laundering) and was sentenced to imprisonment of 276 months.
 George Van Wagner was found guilty of Count 1 (cocaine conspiracy) and Count 3 (conspiracy to launder money) and was sentenced to imprisonment of 216 months.
 Teresa Alejos-Perez was found guilty of Count 1 (cocaine conspiracy), Count 12 (possession of cocaine), and Count 16 (possession with intent to distribute cocaine) and was sentenced to imprisonment of 180 months.
 Ray Charles Valdez was convicted of Count 1 (cocaine conspiracy) and was sentenced to imprisonment of 132 months.
 James Tanner was sentenced to imprisonment of 72 months with supervised release of five years on a plea of guilty to Count 1 (cocaine conspiracy) and to a criminal information charging possession with intent to distribute 500 grams or more of cocaine.
 The government's case relied heavily upon testimony of individuals who had purchased cocaine from or sold cocaine for Roberto Fuentes. Most of these witnesses testified under grants of immunity or as a part of plea negotiations entered into prior to trial. The evidence established a cocaine conspiracy centered in the District of Columbia and its adjoining suburbs and also a conspiracy to launder money. Over 100 exhibits were received in evidence. The defendants put up only two witnesses, an agent who testified that appellant Tanner had been charged with bribing a police officer in Fort Lauderdale, and a former girlfriend of appellant Fuentes who was with Fuentes and Inciarte when they were arrested. It is not necessary to go into a long recitation of the evidence presented. The evidence will be discussed only as it applies to the particular exceptions raised by the appellants.
 There are 26 exceptions, but only a few have merit.
 * We find no merit to Tanner's claim that he was sentenced in a manner inconsistent with both his plea agreement and the Sentencing Guidelines. He claims that under his plea agreement his role in the cocaine conspiracy terminated prior to November 1, 1987, the effective date of the Sentencing Guidelines, and that his plea of guilty to a post-Guidelines offense involved only one kilogram of cocaine. Tanner further claims that he was an essential government witness at the trial and that the government filed a request for substantial reduction of his sentence because of his assistance. He argues that his criminal activities in connection with the conspiracy, which continued after the effective date of the Guidelines, should not have been taken into account in determining his base offense level. In paragraph 14 of his plea agreement, appellant Tanner waived "the right to appeal the sentence in exchange for the concessions made by the government in this agreement." This waiver is valid under United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1989), in which we stated: "Accordingly, we hold that a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was a part of the agreement."
 II
 We find no merit to appellant Inciarte's claim that the district court should have granted his motion for acquittal on Count 10. The testimony of the witness Carlos Acevedo was sufficient to satisfy the "in or about" language of the charge contained in Count 10 of the indictment.
 We also find no merit to Inciarte's claim that the district court erred in assessing a 2-point increase to his offense level for obstruction of justice. There is evidence to support a finding that he made misstatements to the government after agreeing to cooperate, that he alerted appellant Fuentes of the DEA investigation and he was in the process of attempting to remove evidence when arrested. Section 3C1.1 provides:
 If the defendant willfully impeded or obstructed or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the level by 2 levels.
 
 
 1
 Inciarte's actions are covered by this section.
 
 III
 
 2
 We find no merit to appellant Valdez's claim that he should have been severed and tried separately. Severance motions are committed to the discretion of the trial court and we find no abuse on the present record. Valdez's claim that he was erroneously sentenced and that he should have been given credit for acceptance of responsibility is answered by United States v. Gordon, 895 F.2d 932, 937 (4th Cir. 1990), which held that a claim that one is "entitled to this mitigating factor while at the same time denying the criminal conduct for which he was convicted by a jury borders on the frivolous."
 
 
 3
 The Sentencing Guidelines as applied to Valdez did not constitute ex post facto punishment. Conspiracy is an ongoing crime, and once a criminal conspiracy is established, it is presumed to continue until its termination is affirmatively shown. The evidence indicates that Valdez was involved in the conspiracy after the effective date of the Sentencing Guidelines and our holding in United States v. Sheffer, 896 F.2d 842 (4th Cir. 1990), is applicable and controlling.
 
 IV
 
 4
 Appellant Van Wagner argues that his base offense level was 32 on Count 1 and that he should have been given a 2-level downward adjustment for acceptance of responsibility. The burden is on Van Wagner to establish by a preponderance of the evidence that he is entitled to this reduction, United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir. 1989), and he has failed to carry this burden. He claims that he did not have knowledge of the extent of Fuentes' cocaine trafficking. There is ample evidence that Van Wagner was aware of the scope of Fuentes' operation. Van Wagner, through his various apartments, provided reduced rents to Fuentes and other conspirators. He obtained cocaine from Fuentes and obtained it for Fuentes. Van Wagner allowed his automobile to be used to move cocaine. At sentencing, the trial judge reviewed and elaborated upon the sizable amount of evidence relating to Van Wagner's knowledge of the amount of drugs flowing through the conspiracy. We also find no merit to Van Wagner's claim that the district court erred in denying his motion for a new trial.
 
 V
 
 5
 Van Wagner and Fuentes claim improper venue for the trial of the money laundering conspiracy because no overt acts were committed within the Eastern District of Virginia. Venue is covered by 18 U.S.C. Sec. 3237(a) and covers offenses begun in one district and completed in the other. It provides:
 
 
 6
 (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
 
 
 7
 The indictment alleges and the evidence established the payment of checks through the First American Clearing House in Reston, Virginia. These were overt acts within the Eastern District of Virginia and venue was proper.
 
 VI
 
 8
 There was an abundance of evidence to support the jury's finding that Teresa Alejos-Perez was a member of the cocaine conspiracy. The evidence shows that she purchased cocaine at various times from Fuentes, Acevedo and Martinez-Cabre. The evidence also establishes that she kept cocaine in her apartment, her address book contained the names and telephone numbers of Fuentes and Martinez-Cabre, and scales for weighing cocaine were recovered from her at the time of her arrest. In view of the quantities of cocaine passing through the conspiracy of which Perez was found to be a member, her base offense level of 32 was not clearly erroneous.
 
 VII
 
 9
 We find no merit to the claim that the government charged a single conspiracy to distribute more than five kilograms of cocaine when the evidence showed multiple separate conspiracies. The facts supported a single cocaine conspiracy with one basic goal and the same core of participants. The evidence established a single conspiracy with one overall purpose and this is consistent with United States v. Leavis, 853 F.2d 215 (4th Cir. 1988), and United States v. Crockett, 813 F.2d 1310 (4th Cir. 1987).
 
 VIII
 
 10
 We find no merit to the exceptions claiming error because of the admission of various exhibits, nor do we find any merit to the Bruton v. United States, 391 U.S. 123 (1968), claim. Statements of co-conspirators made in furtherance of the conspiracy do not present a Bruton problem.
 
 IX
 
 11
 The trial judge found that DEA Agent Tamez was not in the jury room while the jury was deliberating. The trial judge found that the agent had gone into the jury room prior to deliberations to assist a deputy marshal in setting up video equipment for the jury and exited the room thereafter. These findings are not clearly erroneous.
 
 X
 
 12
 Appellants Martinez-Cabre and Fuentes challenge their convictions under Count 2 of engaging in a continuing criminal enterprise. Appellant Martinez-Cabre argues that the evidence did not support a finding that he (1) managed, supervised or organized five persons and (2) that he obtained substantial income or resources as a result of the enterprise.
 
 
 13
 Appellant Fuentes claims that the evidence does not support a finding that he had any degree of control over those whom he is alleged to have directed in the criminal enterprise. He admits that he associated with many people, but he contends that he was basically involved in small transactions and did not direct or control five persons to the degree necessary for a conviction under 21 U.S.C. Sec. 848.
 
 
 14
 Continuing Criminal Enterprise is defined at 21 U.S.C. Sec. 848(c):
 
 
 15
 (c) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if-
 
 
 16
 (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
 
 
 17
 (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter-
 
 
 18
 (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
 
 
 19
 (B) from which such person obtains substantial income or resources.
 
 
 20
 This section requires proof of five elements: (1) a defendant's conduct must constitute a felony violation of federal narcotics laws, (2) the conduct must take place as a part of a continuing series of violations, (3) a defendant must undertake this activity in concert with five or more persons, (4) a defendant must act as an organizer, supervisor or some other position of management in the criminal enterprise, and (5) a defendant must obtain substantial income or resources from the enterprise. The first requirement-that the defendant must violate a federal narcotics law, which is a felony-is met by the convictions of violations of 21 U.S.C. Sec. 846 and other counts of the indictment in this case.
 
 
 21
 The requirement that the conduct must take place as a part of a continuing series of violations has been held to require proof of three or more related violations, United States v. Young, 745 F.2d 733, 747 (2d Cir. 1984), cert. denied, 407 U.S. 1084 (1985), but this does not require proof of a large drug trafficking operation. It is the continuing series of violations, and not the overall size of the operation, that must be proved as a second element. In the present case, both Fuentes and Martinez-Cabre were convicted of more than three federal narcotics violations and this would prove the second element required.
 
 
 22
 The third element requires proof of a series of violations committed in concert with five or more other persons. It is not necessary to prove that the defendant acted in concert with five or more persons at the same time, United States v. Wilkinson, 754 F.2d 1427, 1431 n.5 (2d Cir. 1985); United States v. Phillips, 664 F.2d 971, 1034 (5th Cir. 1981), cert. denied, 457 U.S. 1136 (1982). However, it is necessary to prove an agreement between the defendant and each of the five or more other persons identical to the kind of agreement necessary to establish a conspiracy. Jeffers v. United States, 432 U.S. 137 (1977). The evidence was more than adequate to prove this element.
 
 
 23
 The fourth requirement is proof that the defendant occupied a position of organizer, a supervisory position, or any other position of management with respect to the other persons. It is not necessary to show that a defendant was the dominant participant or the kingpin of the operation. We noted in United States v. Lurz, 666 F.2d 69, 80 (4th Cir. 1981), that the statute refers to "a person" and there is no indication that this language applies to only one dominant participant in a conspiracy. There may be several persons in a position of organizer, supervisor or manager of a conspiracy.
 
 
 24
 Appellant Martinez-Cabre argues that he had only a buyerseller relationship with other individuals and that he did not occupy a position of supervisor or manager to the requisite number to qualify under the CCE statute. The record reflects that Martinez-Cabre did serve as a supervisor, organizer or manager for Angel Meguens-Oller, Jorge Behren, James Tanner, Carlos Acevedo, Teresa Perez and George Van Wagner. As to the appellant Fuentes, the record contains sufficient evidence to show that he acted in concert with five or more other persons and he occupied a position of organizer, supervisor or manager as to Carmen Rosa Mesa, Beatrez, Heidi Coleman, Ray Charles Valdez, Steven and Thomas Church, Dennis Melton, George Van Wagner and Gary Jaffe.
 
 
 25
 The fifth element is the proof that the defendants derived "substantial income or resources" from the enterprise. The term "substantial income" has not been defined as meaning any particular amount, but it does relate to gross receipts and not net income of the operation. United States v. Jeffers, 532 F.2d 1101, 1116-17 (7th Cir. 1976), aff'd, 432 U.S. 137 (1977). Proof of this fifth element was clearly established in the record. The substantial receipts from the drug operation necessitated the money laundering which was charged in the indictment.
 
 
 26
 The prosecution presented sufficient evidence to establish all five elements necessary to a conviction of both Fuentes and Martinez-Cabre of engaging in a continuing criminal enterprise.
 
 XI
 
 27
 Appellants Fuentes and Martinez-Cabre claim error by the district court in failing to dismiss the drug conspiracy count under 21 U.S.C. Sec. 846 because the conspiracy count is a lesser included offense of the continuing criminal enterprise count under 21 U.S.C. Sec. 848, and conviction on both counts violated their protection against double jeopardy. The trial judge agreed that the Count 1 conspiracy was a lesser included offense to the Count 2 continuing criminal enterprise, but instead of dismissing Count 1 the court decided the proper course was to merge Count 1 into Count 2 and not to sentence on Count 1.
 
 
 28
 The district court observed that some courts have vacated the conspiracy conviction while other courts have vacated only the sentence and observed the rationale underlying these different approaches. Vacating the conviction prevents any adverse collateral consequences that may result from the conviction, even when there has been no sentence given for the conspiracy conviction. However, if an appellate court thereafter reverses the continuing criminal enterprise sentence, but such court would have upheld the conviction on the lesser included conspiracy count, a defendant may avoid punishment for both of his crimes. The district court concluded:
 
 
 29
 Imposing no sentence for defendant's Section 846 conspiracy conviction and merging that conviction into a Section 848 achieves a rough compromise between these concerns. Excessive punishment is thereby avoided. At the same time, leaving the Section 846 conviction intact, but merged into the Section 848 conviction minimizes the risk that defendant's criminal conduct will go unpunished if the CCE conviction is overturned for any reason not affecting the validity of the conspiracy conviction. Any inherent punitive effect flowing from the continuing existence of the merged lesser-included offense conviction, even without a sentence, is outweighed by the interest in ensuring that those convicted of serious crimes do not unjustifiably escape punishment. At least two other circuits have adopted this compromise. See United States v. Osorio Estrada, 751 F.2d 128, 134-35 (2d Cir.), cert. denied, 474 U.S. 830 (1985); United States v. Gomberg, 715 F.2d 843, 851-52 (3d Cir.), cert. denied, 465 U.S. 1078 (1984). Accordingly, the court joins those circuits in this compromise and vacates the sentence imposed under 21 U.S.C. Sec. 846, but not the conviction.
 
 
 30
 Unfortunately, our court has given mixed signals as to whether the underlying conspiracy convictions should be vacated or whether only the sentence for the conspiracy convictions should be set aside. In United States v. Porter, 821 F.2d 968 (4th Cir. 1987), and United States v. West, 877 F.2d 281 (4th Cir. 1989), we set aside only the sentences on the conspiracy convictions, but in United States v. Butler, 885 F.2d 195, 202 (4th Cir. 1989), we set aside the conspiracy convictions which were predicate offenses to the CCE conviction. On the present facts, we adopt the Butler approach and remand with instructions to the district court to vacate the convictions of appellants Martinez-Cabre and Fuentes on the drug conspiracy count for violation of 21 U.S.C. Sec. 846 as set forth in Count 1 of the superseding indictment.
 
 
 31
 We find no merit to the remaining exceptions. We affirm as to all convictions and sentences except the convictions of MartinezCabre and Fuentes as to Count 1 (the drug conspiracy) which are remanded with instructions to vacate the convictions on this count.
 
 AFFIRMED IN PART AND
 REMANDED WITH INSTRUCTIONS