**UNITED STATES of America,**
**Appellee,**

v.

**Alan S. WALKER, Defendant–**
**Appellant.**

No. 05–5935–cr.

United States Court of Appeals,
Second Circuit.

June 18, 2007.

Andrea G. Hirsch, New York, NY, for Defendant–Appellant.

David V. Harbach, II, Assistant United States Attorney (John M. Hillebrecht, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Alan S. Walker appeals from an October 31, 2005 judgment entered in the United States District Court for the Southern District of New York (McMahon, *J.*), convicting Walker of 60 counts of mail fraud and one count of conspiracy to commit mail fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In a nutshell, Walker's convictions arise from the operations of his company Program Corporation of America ("PCA"), which charged commissions for booking speaking engagements. As PCA's finances deteriorated in 2001, Walker began (1) to pocket speakers' fees, responding to their demands for payment with evasion, misrepresentation, or outright refusal; and (2) to pocket deposit payments from venues without arranging for the appearances.

Walker's brief argues that his convictions should be overturned because (1) the district court refused to disqualify prosecuting attorneys who had seen four privileged documents seized from Walker's home in a search conducted pursuant to a warrant, and screened by an insulated team of prosecutors; and (2) the district court removed a particular juror—one favored by Walker—before the trial began after asking him "leading" questions about his ability to concentrate on his duties as a juror. Although he is represented by counsel on appeal, Walker was permitted to file a pro se "supplemental appeal," which is a lengthy catalog of factual allegations that, in our view, raises no cognizable objection other than the supposed bias of the district court judge. This Court, like a trial court, is not obligated to allow Walker to follow a course of hybrid pro se representation under which he files both a counseled and pro se brief. *See United States v. Edwards*, 101 F.3d 17, 19 (2d Cir.1996); *United States v. Stevens*, 83 F.3d 60, 67 (2d Cir.1996). Nevertheless, we will address his allegations of bias.

### Disqualification of Prosecutors

Walker complained to the district court that 170 of the documents obtained in the

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

search and passed on to the trial team were privileged. Of the 170 documents—none of which the government used at trial—the district court concluded that one document was privileged and that three others were protected by the work-product doctrine. Because the prosecutors had engaged in no affirmative misconduct, and because they had gained no insight into Walker's defense through their limited exposure to the handful of privileged documents, the district court declined to grant Walker the extreme relief of disqualification.

■ A district court's refusal to disqualify an attorney is reviewed for abuse of discretion, *see United States v. Jones,* 381 F.3d 114, 119 (2d Cir.2004) (citing *United States v. Locascio,* 6 F.3d 924, 931 (2d Cir.1993)); the same standard applies where the attorney is a prosecutor, *see United States v. Badalamenti,* 794 F.2d 821, 828 (2d Cir.1986). At least one district court has disqualified prosecutors who engaged in "serious misconduct" by reviewing and copying—against the district court's explicit instructions—attorney work product that "provided an important insight into defense tactics, strategy, and problems." *United States v. Horn,* 811 F.Supp. 739, 750–51 (D.N.H.1992), *rev'd in part on other grounds,* 29 F.3d 754 (1st Cir.1994). Unlike the defendant in *Horn,* however, Walker has suffered no prejudice; the documents at issue could not possibly have provided insight into defense strategy or into the relationship between Walker and his attorney. Exhibits one through three are handwritten lists of dates, financial entries, and contract statistics concerning PCA; according to Walker, they were prepared for Walker's defense. The fourth document is a letter from Walker to his attorney tersely asking for advice about how to respond to a communication from a creditor and attaching non-privileged documents. Neither the letter nor the handwritten lists should have been reviewed by the trial prosecutors; but they did not do the screening, and (more importantly) any theory of prejudice to Walker's defense is far too attenuated to indicate that the district court abused its discretion by refusing to disqualify.

■ The same is true as to the remainder of the 170 documents, which were composed chiefly of various form printouts summarizing PCA's contracts. Even assuming the documents (or the handful of corrections and clarifications handwritten thereon) were work product or were privileged, they contain solely factual information about PCA's business, and shed no light on Walker's confidential communications with counsel or defense strategy. Moreover, we agree with the district court that these documents were neither work product nor attorney-client communications. The attorney-client privilege protects from disclosure the contents of confidential attorney-client communications, but does not prevent disclosure from the client's records the underlying factual information included in attorney-client communications. *See Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). For this reason, putting otherwise non-privileged business records (like the contract summaries here) in the hands of an attorney—or printing out such records for an attorney to review—does not render the documents privileged or work product. *See Ratliff v. Davis Polk & Wardwell,* 354 F.3d 165, 170–71 (2d Cir.2003) ("Documents obtain no special protection because they are housed in a law firm; '[a]ny other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in the possession of his attorney.'") (quoting *Colton v. United States,* 306 F.2d 633, 639 (2d Cir.1962)); *In re Grand Jury Subpoenas,* 318 F.3d 379, 384 (2d Cir.2003) (stating that the work product doctrine

generally does not "shield[ ] from discovery materials in an attorney's possession that were prepared neither by the attorney nor his agents"). Moreover, the "selection and compilation of ... documents by counsel transforms that material into attorney work product" only if there is "a real, rather than speculative, concern that counsel's thought processes in relation to pending or anticipated litigation will be exposed through disclosure of the compiled documents." *In re Grand Jury Subpoenas,* 318 F.3d at 386 (internal quotation marks omitted). Walker has failed to raise such a real concern here.

The district court acted within its discretion when it refused to disqualify the prosecutors who inadvertently reviewed the documents. Because we see no indication in the record that the prosecutors committed egregious misconduct, we express no opinion on whether such misconduct would call for disqualification without substantial prejudice to the defense.

### *Juror Discharge*

At voir dire, Juror Number 10 was initially the subject of a government peremptory challenge. After the district court sustained a *Batson* objection from Walker and reseated the juror, the panel was sworn in. Later, Juror Number 10 called the judge to express concerns about the income he would lose by jury service. When questioned by the district court on the subject, the juror averred that he would be a "competent juror" notwithstanding his financial situation—but moments later said that he thought the financial strain would distract him from his duties as a juror. The district court discharged him. Walker complains that the district court asked the juror leading questions about whether hardship would be a distraction, and thereby "encouraged" the juror to say he would be unfit to serve.

■ "We review a district court's dismissal of a juror for an abuse of discretion." *United States v. Evans,* 352 F.3d 65, 68 (2d Cir.2003). We will not disturb the district court's decision "without a showing of bias or prejudice to the defendant." *Id.* "The issue of what, if any, inquiry must be made before deciding whether a juror should be excused ... is committed to the judge's discretion ... [and] this court need only satisfy itself that the district court had sufficient information to make an informed decision." *United States v. Mulder,* 273 F.3d 91, 108 (2d Cir.2001).

The district court did not abuse its discretion in discharging Juror Number 10; the district judge conducted a searching inquiry to determine whether the juror would be distracted from his duties. Walker's argument that the judge erred by continuing to question after the juror's initial reassuring response is unsupported by precedent or reason.

### *Judicial Bias*

■ Walker's supplemental submission argues that the district court judge personally disliked him and exhibited bias against him both before and during his trial. Chiefly, he takes issue with (1) statements reflecting impatience with Walker's late request that his trial be delayed after he had a dispute with his attorney and (2) statements to the effect that Walker's conduct showed an unwillingness to respect the court's instructions.

■ A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned" or where she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "To ensure that a party does not 'hedg[e] its bets against the eventual outcome' of a proceeding, a party must move

for recusal 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *United States v. Amico,* 486 F.3d 764, 773 (2d Cir.2007) (quoting *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333–34 (2d Cir.1987)). Walker never requested recusal in the district court, and bases his claim of bias on statements made in open court, not on any information he obtained subsequent to his conviction. Walker fails to explain why he delayed raising the issue of bias, and we are not required to review allegations of bias that could have been brought in a motion for recusal but are instead raised for the first time on appeal. *See LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir.2007). Moreover, even if Walker's allegations of bias had been timely raised before the district court, they are meritless. The comments cited by Walker arose out of events in the course of the proceedings, and the record shows no sign of any "deep-seated favoritism or antagonism" on the judge's part. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

We have reviewed the remainder of Walker's arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.** Walker's motion for bail pending appeal is **DISMISSED** as moot.