21-2442 (L)
United States v. Hage (Mamdouh Mahmud Salim)

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2022
Nos. 21-2442, 21-3148, 23-6185

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

WADIH EL HAGE, AKA ABDUS SABBUR, FAZUL ABDULLAH
MOHAMMED, AKA HARUN FAZHL, AKA FAZHL ABDULLAH, AKA
FAZHL KHAN, MOHAMED SADEEK ODEH, AKA ABU MOATH, AKA
NOURELDINE, AKA MARWAN, AKA HYDAR, MOHAMED RASHED
DAOUD AL-'OWHALI, AKA KHALID SALIM SALEH BIN RASHED, AKA
MOATH, AKA ABDUL JABBAR ALI ABEL-LATIF, USAMA BIN LADEN,
AKA USAMAH BIN-MUHAMMAD BIN-LADIN, AKA SHAYKH USAMAH
BIN-LADIN, AKA MUJAHID SHAYKH, AKA HAJJ, AKA AL QAQA, AKA
THE DIRECTOR, MUHAMMAD ATEF, AKA ABU HAFS, AKA ABU HAFS
EL MASRY, AKA ABU ABU HAFS EL MASRY E KHABIR, AKA TAYSIR,
AKA AHEIKH TAYSIR ABDULLAH, MUSTAFA MOHAMED FADHIL, AKA
MUSTAFA ALI ELBISHY, AKA HUSSEIN, AKA HASSAN ALI, KHALFAN
KHAMIS MOHAMED, AKA KHALFAN KHAMIS, AHMED KHALFAN
GHAILANI, AKA FUPI, AKA ABUBAKARY KHALFAN AHMED
GHALILIANI, SHEIKH AHMED SALIM SWEDAN, AKA SHEIKH
BAHAMADI, AKA AHMED ALLY, ALI MOHAMED, AKA OMAR, AKA
ALI ABDELSEOUD MOHAMED, AKA ABU OMAR, AKA HAYDARA, AKA
TAYMOUR ALI NASSER, AKA AHMED BAHAA ADAM, AYMAN AL

ZAWAHIRI, AKA ABDEL MUAZ, AKA THE DOCTOR, KHALED AL FAWWAZ, AKA ABU OMAR, AKA KHALED ABDUL KHALED ABDUL RAHMAN, AKA HAMAD AL FAWWAZ, HAMAD, IBRAHIM EIDAROUS, AKA IBRAHIM H.A. EIDAROUS, AKA DAOUD, AKA ABU ABDULLAH, AKA IBRAHIM, FAHID MOHAMMED MSALAM, AKA FAHAD M. ALLY, ADEL ABDEL BARY, AKA ADEL M.A.A.A. BARY, AKA ABBAS, AKA ABU DIA, AKA ADEL, SAIF AL ADEL, AKA SAIF, ABDULLAH AHMED ABDULLAH, AKA ABU MOHAMED EL MASRY, AKA SALEH, AKA ABU MARIUM, MUSHIN MUSA MATWALLI ATWAH, AKA ABDEL RAHMAN AL MUHAJER, AKA ABDEL RAHMAN, ANAS AL LIBY, AKA NAZIH AL RAGHIE, AKA ANAS AL SEBIA, L'HOUSSIANE KHERCHTOU, AKA ABU TALAL, AKA TALAL, AKA YUSUF, AKA JOSEPH, AKA JAMAL, MOHAMED SULEIMAN AL NALFI, AKA NALFI, AKA ABU MUSAB, AKA MOHAMED SULEIMAN ADAM, JAMAL AHMED MOHAMMED ALI AL-BADAWI, AKA ABU ABED AL RAHMAN AL-BADAWI, FAHD AL-QUSO, AKA ABU HATHAYFAH AL-ADANI, SULAIMAN ABU GHAYTH,
*Defendants*,

MAMDOUH MAHMUD SALIM, AKA ABU HAJER AL IRAQI, AKA ABU HAJER,
*Defendant-Appellant.*

---

On Motion to Consider Appellant's Pro Se Filing

---

SUBMITTED: JULY 20, 2023
DECIDED: JULY 20, 2023

Before: NARDINI, *Circuit Judge*, in Chambers.

---

Mamdouh Mahmud Salim moves for the Court to consider his pro se supplemental brief in addition to his counseled brief, and to supplement the record. Salim's motions merit this chambers opinion to explain that a party has no right to such hybrid representation and that the reasons for disfavoring the practice in the district court apply with equal force in this Court. Accordingly, the motion is denied.

> Stephen J. Ritchin, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, *for Appellee*.
>
> Andrew Freifeld, New York, NY, *for Defendant-Appellant*.

WILLIAM J. NARDINI, *Circuit Judge*:

Pending before me as applications judge are Mamdouh Mahmud Salim's motions for this Court to consider his pro se filing in addition to his counseled brief, and to supplement the record. These motions merit this chambers opinion to explain that a party has no right to such hybrid representation and that the reasons for disfavoring the practice in the district court apply with equal force in this Court.

\* \* \*

Salim's underlying appeal arises from the government's dismissal, on May 8, 2019, of several indictments against him. Those indictments had been pending since 1999, when Salim was charged for his alleged role in the 1998 bombings of the U.S. embassies in Dar es Salaam and Nairobi. *See United States v. Salim*, 549 F.3d 67, 70 (2d Cir. 2008). The al Qaeda-directed attacks killed 224 people and wounded thousands more. *See In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 104 (2d Cir. 2008).

Salim never went to trial on those charges. While in pre-trial detention, he stabbed a prison guard in the eye with a sharpened plastic comb, piercing his brain. [1] *See United States v. Salim*, 690 F.3d 115, 119–20 (2d Cir. 2012). Salim pled guilty to conspiracy to murder

---

[1] Salim later explained that he planned to steal the guard's keys so that he could attack his lawyers, whose representation he believed was inadequate, in an attorney-inmate meeting room, forcing them to withdraw and the district court to appoint substitute counsel. *Salim*, 690 F.3d at 119. In the event, Salim was subdued by other guards en route. *Id*. The guard lost his left eye and suffered brain damage that left him partially paralyzed on his right side and "interfered with other normal functions, including his ability to speak and write." *Id*. at 120.

and attempted murder of a federal official. *Id.* at 120. After an appeal that resulted in a remand for resentencing, he was sentenced to life in prison. *Id.* at 121. Salim is serving that sentence.

After Salim's conviction, his original indictment sat untouched until May 8, 2019, when the government filed a *nolle prosequi*, which the court approved, dismissing the charges. Salim then moved to set aside the order of dismissal, arguing that he had a right to be tried on the charges or to have the indictment dismissed with prejudice, and that the government was still using the existence of the dismissed indictment to justify the special administrative measures to which he was subject. The court denied Salim's motions. Salim twice sought, and the district court twice denied, reconsideration; Salim appealed both denials.

On appeal, Salim filed two pro se briefs (the second superseding the first). Then, he sought appointment of counsel under the Criminal Justice Act. On June 24, 2022, this Court appointed

counsel to represent Salim. Salim's attorney, fearing that Salim's appeals were untimely, successfully moved to stay the appeals pending the district court's decision on Salim's petition for a writ of error *coram nobis* in the district court. When the court denied that writ on February 21, 2023, Salim appealed for a third time.

Upon receiving the appeal, this Court inquired whether "counsel for Appellant . . . intend[ed] to supplement or replace" Salim's earlier pro se brief. Dkt. No. 128. Salim's lawyer indicated in a letter that he intended his counseled brief to replace the pro se brief. The next day, the Court lifted the stay, deemed Salim's pro se brief withdrawn, and consolidated the three appeals. Salim timely filed his counseled brief on April 25, 2023. The government's brief is due July 25, 2023.

In a June 7, 2023, pro se filing, Salim sought to file a pro se supplemental brief and to introduce two exhibits that were not part of the record in the district court. On June 21, 2023, Salim filed a

counseled motion asking the Court to consider part of Salim's pro se supplemental brief and the two exhibits. The government filed an opposition on July 10, 2023, and Salim filed a reply on July 17, 2023.

* * *

The Sixth Amendment gives criminal defendants the right to representation by counsel or, should they so choose, to represent themselves. *Faretta v. California*, 422 U.S. 806, 834–35 (1975). A defendant has, however, no right to "hybrid" representation in which he is represented by counsel but supplements his lawyer's work with selected pro se submissions. *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016).[2] Although a court may, in its discretion, allow pro se appearances from a counseled defendant, *Clark v. Perez*, 510 F.3d

---

[2] *See also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation . . . ."); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) ("[T]here is no constitutional right to hybrid representation . . . where [the defendant] share[s] the duties of conducting her defense with a lawyer."); *United States v. Cyphers*, 556 F.2d 630, 634 (2d Cir. 1977) ("[A] defendant who is represented by counsel has no sixth amendment right to participate as co-counsel."); *United States v. Wolfish*, 525 F.2d 457, 463 n.2 (2d Cir. 1975) ("There is nothing in *Faretta* or in any statute which suggests that a defendant may both have an attorney and represent himself.").

7

382, 395 (2d Cir. 2008), the defendant cannot switch between pro se and counseled modes at will, because the two rights "cannot be . . . exercised at the same time," *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (internal quotation marks omitted).

Permitting such hybrid representation is not only unnecessary; it is also unwise. For one thing, a pro se supplemental brief permits a counseled defendant to make an end run around our procedural rules. Appellate briefs are subject to strict word limits under Rule 32 of the Federal Rules of Appellate Procedure, and parties face briefing deadlines imposed by scheduling orders of this Court. When a party submits a pro se supplemental brief after a counseled brief, it effectively obtains both an extension and an opportunity to breach the word limit. Even the liberality we extend to pro se litigants does not license failure "to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 834 n.46. There is even less reason for us to allow counseled parties to bend the rules.

8

Even so, perhaps it would be worth letting parties dodge deadlines and word limits if hybrid representation provided clear benefits to parties or the Court. It does not. In almost every case, litigants will fare better if they rely on the assistance of counsel rather than "their own unskilled efforts." *Faretta*, 422 U.S. at 834.[3] Parties should, of course, discuss potential arguments with their lawyers, but it is the lawyer, not the party, who is best placed to decide which arguments to make, and how to make them. *See McCoy v. Louisiana* 138 S. Ct. 1500, 1508 (2018) ("[T]he lawyer's province" includes deciding which "arguments to pursue." (internal quotation marks omitted)). "A brief that raises every colorable issue runs the risk of burying good arguments" under weak ones. *Jones v. Barnes*, 463 U.S. 745, 753 (1983). Allowing "the client, not the professional advocate, . . . to decide what issues are to be pressed" undermines one of the

---

[3] *See also Powell v. State of Ala.*, 287 U.S. 45, 69 (1932) ("Even the intelligent and educated layman has small and sometimes no skill in the science of law. . . . He requires the guiding hand of counsel at every step in the proceedings against him.").

main reasons for having a lawyer in the first place. *Id.* at 751. A defendant who switches horses midstream risks hurting himself and muddying the waters for everyone else.

For that reason, at the district court level, although defendants are free to choose either legal representation or to go it alone, they are not always free to change their minds. Once a trial has begun, a counseled defendant's right to represent himself is "sharply curtailed." *United States v. Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) (internal quotation marks omitted). A court considering such a request by a defendant "must weigh the prejudice to the legitimate interests of the defendant against the potential disruption of proceedings already in progress." *Id*. (internal quotation marks omitted).

Requests for hybrid representation are even more disfavored. A defendant has no constitutional or statutory right to act as "co-counsel in his defense," and the decision to grant or deny "hybrid

representation lies solely within the discretion of the trial court." *Id.* (internal quotation marks omitted). Particularly where, as here, the defendant makes no claim "that his counsel was not adequately representing him," there is little reason to entertain pro se submissions. *See id.* (district court did not abuse its discretion in denying defendant's request to appear as co-counsel where he did not claim inadequate representation).

No wonder, then, that almost all our sister Circuits routinely refuse to consider pro se supplemental briefs filed by counseled parties or even have local rules barring the practice. *See United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) ("Even absent our longstanding prohibition on hybrid representation, we still could not consider [the defendant's] pro se filings because we are bound by our local rules . . . ." (internal quotation marks omitted)); *United States v. Washington*, 743 F.3d 938, 941 n.1 (4th Cir. 2014) (declining to accept pro se brief because a defendant "has no right to raise substantive

11

issues while he is represented by counsel" (internal quotation marks omitted)); *United States v. Ogbonna*, 184 F.3d 447, 449 (5th Cir. 1999) ("[A]llowing the submission of a *pro se* brief should be discouraged when the appellant is represented by counsel."); *United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011) ("Because Williams was represented by counsel on this appeal, we decline to address these pro se arguments."); *United States v. Cox*, 577 F.3d 833, 836 (7th Cir. 2009) (declining to consider substantive arguments in pro se brief because a defendant "has no right to raise substantive issues while he is represented"); *United States v. Miranda-Zarco*, 836 F.3d 899, 901 (8th Cir. 2016) ("Normally, this court does not address arguments in pro se filings when the defendant is represented by counsel."); *United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) ("As [the defendant] is represented by counsel, we deny his motion to file an additional pro se supplemental brief."); 11th Cir. R. 25–1 ("When a party is represented by counsel, the clerk may not accept filings from the

party."); *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1293 (D.C. Cir. 2002) (a counseled party may not file pro se briefs because "[s]o long as [the plaintiff] is represented by counsel, the attorney speaks on her behalf before this court."); *see also Rosenblum v. Campbell*, 370 F. App'x 782, 783 (9th Cir. 2010) ("Because [the plaintiff] is represented by counsel, only counsel may submit filings."). *But see United States v. Gonzalez-Gonzalez*, 136 F.3d 6, 12 (1st Cir. 1998) (granting leave for a counseled party to file a pro se supplemental brief). Although we have no such local rule, permitting hybrid representation is no wiser in this Circuit than elsewhere.

Salim's pro se brief nicely illustrates why we should disfavor such filings. Salim himself concedes that his proposed supplemental facts and legal arguments add "very little" to the record. Dkt. 172 at 3. Salim primarily urges the Court to consider sections from his original pro se brief, but Salim explicitly abandoned that brief, and waived its arguments, when he chose to have his counseled brief

supersede it. Salim, moreover, filed his supplemental brief past the deadline set by the Court's scheduling order, and moved the Court to consider it only five weeks before the government's brief was due. Such late-filed briefs disadvantage the other party while doing nothing for those who file them. There is no good reason for us to accept such a brief. *See Ogbonna*, 184 F.3d at 449 (pro se brief by counseled party, raising meritless argument, "plainly demonstrates" why courts should "discourage[]" such submissions); *United States v. Walker*, 243 F. App'x 621, 622 (2d Cir. 2007) ("This Court, like a trial court, is not obligated to allow [a party] to follow a course of hybrid pro se representation under which he files both a counseled and pro se brief.").

Salim also asks the Court to supplement the record with a May 23, 2019, letter Salim received from a lawyer who once represented him and a February 14, 2023, declaration by that lawyer. As a court of review, not first view, we may generally consider only material that

14

was part of the record below. *See* Fed. R. App. P. 10(a). The sole flexibility to that rule comes from Rule 10(e)(2) of the Federal Rules of Appellate Procedure, which provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified" by this Court. We will exercise that power, however, only in "extraordinary circumstances." *Dixon v. von Blanckensee*, 994 F.3d 95, 103 (2d Cir. 2021).

Nothing in this case justifies supplementing the record. Both the letter and the declaration predate the district court's February 21, 2023, decision on Salim's petition for a writ of error *coram nobis*, and Salim's motion to supplement the record does not explain why he did not submit them to the district court. Salim asks the Court to draw factual inferences from the letter and the declaration—inferences the government contests—but a motion to supplement the record "is not a device for presenting evidence to this Court that was not before the

15

trial judge." *Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019) (internal quotation marks omitted).[4]

Salim's motion for the Court to consider his supplemental pro se brief and his motion to supplement the record are, therefore, **DENIED**. The government moves for an extension of time to file its brief to a date three weeks after the date of resolution of Salim's motion. That motion is **GRANTED**.

---

[4] Salim also requested in his pro se filing that this Court issue an order that his previous lawyer be deposed. Salim does not pursue this request in his motion for the Court to consider his pro se filing and has thus abandoned it.