24-2687-cv
United States v. Bouchard

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

    v.

    No. 24-2687-cv

MICHAEL G. BOUCHARD,

    *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   MICHAEL G. BOUCHARD, *pro se*, Latham, NY

FOR APPELLEE:   JOSHUA ROTHENBERG, Assistant United States Attorney, *for* John A. Sarcone III, First Assistant United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from an order of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant Michael G. Bouchard, a former attorney representing himself, appeals from the September 26, 2024 order of the United States District Court for the Northern District of New York (Nardacci, *J.*) denying his petition for a writ of error *coram nobis*.  Bouchard seeks to vacate his 2012 conviction for conspiracy to submit false statements to a financial institution, in violation of 18 U.S.C. § 371.  In 2016 this Court affirmed that conviction on direct appeal.  *United States v. Bouchard*, 828 F.3d 116, 128 (2d Cir. 2016).  Three years later, we denied a certificate of appealability from the denial of his 28 U.S.C. § 2255 motion.  *Bouchard v. United States*, No. 19-1913, 2019 WL 11689964 (2d Cir. Nov. 14, 2019).

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"The writ of error *coram nobis* is an extraordinary remedy that issues only in extreme cases." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (quotation marks omitted). "We review *de novo* the legal standards that the district court has applied but review for abuse of discretion the court's ultimate decision to deny the writ." *Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019). As the District Court accurately described, App'x 30, "[t]o secure *coram nobis* relief, a petitioner must show that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ," *Rutigliano*, 887 F.3d at 108 (quotation marks omitted).

The District Court correctly concluded that Bouchard failed to show that sound reasons existed for his delay in seeking *coram nobis* relief. Bouchard provides no meaningful explanation for waiting several years to file his petition despite having previously raised nearly all of the same claims on direct appeal

3

and in his prior § 2255 motion and related motion for a certificate of appealability. These arguments are thus untimely and, insofar as they were resolved in Bouchard's prior appeals, independently barred by the mandate rule. *See Yick Man Mui v. United States*, 614 F.3d 50, 53–54 (2d Cir. 2010); *see also Stegemann v. United States*, 132 F.4th 206, 210–11 (2d Cir. 2025). Bouchard also raised many of these arguments in two separate civil actions. *See Bouchard v. Thomson*, No. 17-CV-1156, 2018 WL 1665213 (N.D.N.Y. Apr. 4, 2018), *aff'd sub nom. Bouchard v. Olmsted*, 775 F. App'x 701 (2d Cir. 2019) (summary order); *Bouchard v. Hartunian*, No. 14-CV-752, 2015 WL 3889721 (N.D.N.Y. June 24, 2015).

Bouchard nonetheless insists that his petition is timely because (1) he filed it within one year of the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022); (2) he filed it within 38 months following the denial of his petition for certiorari; and (3) he is "actually innocent." But none of these reasons justify the delay in filing his petition.

To start, Bouchard's reliance on *Ruan* does not render his petition timely. Bouchard asserts that he could not have challenged the jury instructions concerning aiding and abetting and the underlying substantive offense until after the Supreme Court's 2022 decision in *Ruan*. In other words, Bouchard appears to

4

argue, his challenge was not available until after *Ruan* specifically required that, as to 21 U.S.C. § 841, the Government must prove beyond a reasonable doubt that a defendant "knowingly or intentionally" acted in an unauthorized manner. *Ruan*, 595 U.S. at 454 (quotation marks omitted). The District Court did not err in rejecting this argument. Jury instruction challenges to the federal aiding and abetting statute, 18 U.S.C. § 2, were available and raised in other cases well before *Ruan*, including in cases Bouchard himself cites. *See United States v. Gabriel*, 125 F.3d 89, 99–102 (2d Cir. 1997); *United States v. Scotti*, 47 F.3d 1237, 1246–47 (2d Cir. 1995); *United States v. Osorio Estrada*, 751 F.2d 128, 132–33 (2d Cir. 1984), *on reh'g*, 757 F.2d 27 (2d Cir. 1985). Indeed, Bouchard argued pre-*Ruan* that the statutes underlying his conviction required proof of specific intent beyond a reasonable doubt. Dist. Ct. Dkt. No. 153 at 14–16. *Ruan* therefore did not itself create a basis for a claim that was previously unavailable.

Nor does the 38-month period following the denial of certiorari supply a sound reason for delay. Bouchard was released from custody in 2018 and could have filed this petition based on the same information underlying his direct appeal and § 2255 motion, most of which originated from his 2012 trial. Apart from Bouchard's reliance on *Ruan*, he offers no further justification as to why

5

these arguments were not previously raised. We have upheld the dismissal of untimely *coram nobis* petitions filed several years after the petitioner knew or should have known of the facts underlying the claim. *See Foont v. United States*, 93 F.3d 76, 78, 80–81 (2d Cir. 1996) (nearly five-year delay unjustified).

Finally, Bouchard's assertion of "actual innocence"—which, in the context of a *coram nobis* petition, "means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998)—does not excuse his delay in filing the petition. Nor can "[c]laims of new evidence . . . without constitutional or jurisdictional error in the underlying proceeding," "support a coram nobis claim." *Foont*, 93 F.3d at 80. In any event, Bouchard has not identified any new evidence in support of his claim. To the contrary, this Court previously considered the sufficiency of the trial evidence against Bouchard and affirmed his conviction. *Bouchard*, 828 F.3d at 128.

For these reasons, the District Court's decision that Bouchard lacked sound reasons for his delay in filing the petition was not erroneous. *See Rutigliano*, 887

6

F.3d at 108.  Because we affirm the District Court's order on this basis alone, we

need not reach the merits of Bouchard's *coram nobis* petition.

For the foregoing reasons, the order of the District Court is AFFIRMED.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny Bouchard's motion for permission to file additional pages to the appendix. Bouchard has failed to demonstrate that "extraordinary circumstances" warrant the consideration of evidence from outside the district court record.  *See United States v. Hage*, 74 F.4th 90, 96 (2d Cir. 2023) (quotation marks omitted); Fed. R. App. P. 10(e).

7