*United States v. Butler*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*

> v.                                          No. 24-3011

JAYQUANNE BUTLER, a.k.a. Wiz,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:     JOHN S. WALLENSTEIN, Garden City, NY.

For Appellee:     BRETT A. HARVEY (Tiffany H. Lee, *on the brief*), Assistant United States Attorneys, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 12, 2024 judgment of the district court is **AFFIRMED**.

Jayquanne Butler appeals from his sentence following his plea of guilty to one count of possession with intent to distribute fentanyl and ANPP, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), for which he was sentenced to an aggregate term of 123 months' imprisonment and five years of supervised release. In particular, Butler argues that (i) the district court procedurally erred in imposing the so-called "search condition" of his supervised release because it failed to make an "individualized assessment of the necessity for the condition" or to "state on the record the reason for imposing it," Butler Br. at

2

16–17, and (ii) the search condition is substantively unreasonable because it constitutes an "unconstitutional infringement on [his] liberty" under the Fourth Amendment, *id.* at 15. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.   The District Court Did Not Procedurally Err in Imposing the Search Condition.

Butler first asserts that the district court procedurally erred in imposing the search condition – which provides that Butler must "submit to a search of [his] person, property, vehicle, place of residence[,] or other property under [his] control based upon reasonable suspicion and permit the confiscation of any evidence or contraband discovered," App'x at 100 – because it failed to make "individualized" findings as to the condition's necessity or to properly justify it, Butler Br. at 16. We disagree.

We review a district court's imposition of supervised-release conditions for abuse of discretion. *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). But things change where, as here, a defendant raises an objection on appeal that he failed to raise below. In that circumstance, we review only for plain error. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). To meet the plain-error standard, a

3

defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights[;] . . . and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (internal quotation marks omitted). As the Supreme Court has observed, "[m]eeting all four prongs is difficult, as it should be." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

For a search condition to be procedurally reasonable, a district court "must make an individualized assessment when determining whether to impose [it], and . . . state on the record the reason for imposing it." *United States v. Oliveras*, 96 F.4th 298, 313 (2d Cir. 2024) (internal quotation marks omitted). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted).

Here, while it is true that the district court did not make specific findings in support of Butler's search condition, its reasons for imposing the condition are nonetheless "self-evident." *See United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004) (holding that, where justifications for supervised release apply to search

4

condition, independent justification of the search condition is unnecessary).  *First*, the district court emphasized "the nature and circumstances" of Butler's crimes, including the "wide variety of drugs" in his possession, the fact that he was "armed to the T with loaded firearms," and the reality that "guns and drugs" are "often a deadly mix."  App'x at 96.  No imagination is required to extend such reasoning to the imposition of a search condition targeted at identifying and confiscating "contraband" – that is, the "guns and drugs" at the heart of the district court's concerns.  *Id.*

*Second*, the district court discussed the sentence's objective of "protect[ing] the public from further crimes" by Butler, a rationale that also clearly justifies the search condition.  *Id.*  As this Court has held, search conditions help "protect[] society from *future* criminal violations" because they keep defendants under probation's watchful eye, in turn providing probation with the tools to detect and prevent crimes before they occur.  *United States v. Thompson*, 143 F.4th 169, 179–81 (2d Cir. 2025) (quoting *United States v. Knights*, 534 U.S. 112, 113 (2001)).

And *finally*, the district court discussed the importance of supervised release in providing Butler with the "care, treatment, or training" that he needs "in the most effective manner."  App'x at 96.  This explanation further justifies the search

5

condition because the condition enables probation to discover – and put a stop to – any improper drug or firearm use at an early stage, thereby aiding Butler's reintegration into society. *See Thompson*, 143 F.4th at 179 (discussing value of search condition given defendant's risk of recidivism).

Considered together, the record shows that the district court offered a detailed explanation of its "chosen sentence," *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted), and it provides ample support for the district court's decision to impose the search condition on Butler. *See* App'x 91–100 (discussing purpose of and reasons for sentence). That could not have been lost on Butler, who failed to object at the time. In short, the district court made no procedural error – much less a plain one – when it imposed the special condition. *See Napout*, 963 F.3d at 183.

## II.     The Search Condition is Substantively Reasonable.

Butler next argues that the search condition is substantively unreasonable because it infringes on his Fourth Amendment rights by subjecting him to "overly broad" searches not limited to "potential violations of release conditions" or "searches . . . conducted by United States Probation Officers." Butler Br. at 14. Again, we are not persuaded.

6

Because Butler raised this argument for the first time on appeal, our review is once more for plain error. *See Green*, 618 F.3d at 122. But since Butler's challenge to the substantive reasonableness of the search condition "implicates a constitutional right," our plain-error review is "more searching . . . in light of the heightened constitutional concerns presented." *Eaglin*, 913 F.3d at 95 (internal quotation marks omitted).

We have long recognized that a special condition is substantively reasonable so long as it is related to the factors justifying supervised release broadly, *see* U.S.S.G. § 5D1.3(b), and involves "no greater deprivation of liberty than is reasonably necessary for the purposes of sentencing," *Oliveras*, 96 F.4th at 314 (internal quotation marks omitted). And the Supreme Court and this Court have upheld search conditions that are virtually identical to Butler's as permissible under the Fourth Amendment. *See, e.g.*, *Knights*, 534 U.S. at 121–22 (holding that search condition was reasonable within meaning of Fourth Amendment irrespective of whether search would be conducted by probation officer or local law-enforcement officer); *Oliveras*, 96 F.4th at 302 (holding search condition that, like Butler's, is not limited to probation officers generally consistent with Fourth Amendment); *United States v. Newton*, 369 F.3d 659, 668 (2d Cir. 2004) (upholding

search coordinated "between probation/parole officers and other law enforcement officials in furtherance of legitimate supervision objectives"). In fact, we have even concluded that *more* intrusive search conditions, which include the same language as Butler's – but without requiring reasonable suspicion – are permissible under the Fourth Amendment. *See Oliveras*, 96 F.4th at 311 ("[W]e hold that the imposition of a special condition . . . that allows for searches without individualized suspicion does not violate the Fourth Amendment.").

Because Butler's search condition is consistent with other conditions that we have upheld and is clearly reasonable in light of Butler's prior criminal conduct, the district court did not err in imposing it. Put simply, the search condition is neither "overly broad" nor representative of "a greater deprivation of liberty than necessary." Butler Br. at 14.

## III. Butler's *Pro Se* Brief Is Not Properly Before Us.

Finally, Butler raises a host of additional arguments in a *pro se* brief, notwithstanding the fact that he is represented by counsel. But neither Butler nor his counsel formally submitted a motion to include this brief in the appellate record, and we are under no obligation to consider *pro se* submissions from represented defendants who have otherwise failed to formally request hybrid

8

representation.[1] *See United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (denying hybrid representation where "[defendant] offered no compelling reason to justify his appearance as co-counsel"); *see also Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008) (noting that defendants proceeding partially or wholly *pro se* must nonetheless "abide by rules of procedure" (internal quotation marks omitted)). In fact, Butler's counsel expressly *declined* to include Butler's proposed supplemental arguments in his brief because he did not consider them to be legally "viable," Butler Br. at 20 – a "strategic decision[]" that we generally "confide[] to counsel," "particularly . . . when the counsel's reason for" doing so stands on "legal grounds," *United States v. Rivernider*, 828 F.3d 91, 107–08 (2d Cir. 2016). We therefore decline to consider the arguments raised in Butler's *pro se* brief.

---

[1] Indeed, such "hybrid representation" – "in which [a defendant] is represented by counsel but supplements his lawyer's work with selected [*pro se*] submissions" – is highly disfavored because it permits litigants to "make an end run around our procedural rules." *United States v. Hage*, 74 F.4th 90, 93–94 (2d Cir. 2023) (Nardini, *J.*, in chambers); *see also United States v. Davis*, 122 F.4th 71, 80 (2d Cir. 2024) (Sullivan, *J.*, concurring) ("To permit as a matter of course a party to submit supplemental briefs on top of the briefs already filed by his counsel is to allow that party to unilaterally divert the Court's attention from other appeals.").

\*      \*      \*

We have considered Butler's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court